IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:12-cr-243 |
| v. | : | |
| **CARLOS C. HILL** | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is a motion filed by Carlos Hill pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct a sentence. The government has filed a response in which it agrees that Hill's designation as an Armed Career Criminal is no longer appropriate and that his sentence should be amended. Hill has also set forth allegations that trial counsel and appellate counsel were incompetent and that absent said incompetency he would not have been found guilty. The government has not responded to those allegations.

## **I.    Background**

Hill was initially charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 3922(g) and 924(e), and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The government requested that the charge of possession of a stolen firearm be dismissed, which was granted. Hill went to trial on Count I and was found guilty of that offense.

The Third Circuit Court of Appeals affirmed the conviction. In that opinion, the court set forth the factual background of the events surrounding the conviction as follows:

> In the morning hours of July 13, 2012, Tamela Corish and Rodney Nicholson, driving separately after leaving a family get-together, pulled into a gas station in Harrisburg, Pennsylvania, to buy cigarettes. While Nicholson was inside the store, a young man jumped out of an SUV parked at the gas station, hopped into Nicholson's car—which was unlocked with the keys in the ignition—and took off despite Corish's attempts to stop him. Corish and Nicholson got into Corish's vehicle and gave chase. While they lost sight of Nicholson's car, they followed the SUV until they eventually caught up to it and parked alongside it. A man emerged from the SUV, and Nicholson demanded the return of his car. At that moment, a second man stepped out of the SUV and, per Corish and Nicholson, pointed a handgun at Corish and Nicholson, telling them to leave. Corish and Nicholson complied and thereafter contacted the authorities.
>
> The Harrisburg police later questioned Elijah Brown, who, according to the SUV's owner, was driving the vehicle at the time of the crime. Brown consented to a search of his home, where the police recovered a handgun. Brown admitted to having been part of the robbery and named Appellant Carlos C. Hill and Wesley Garner as two other individuals who had been in the SUV during the heist. He further told police that Garner gave Hill the weapon while in the SUV, and Hill used the gun to intimidate Corish and Nicholson by lifting up his shirt to expose a firearm. During the ensuing investigation, Corish identified Brown as the driver of the SUV and twice identified Hill in a photo array as the individual with the gun, while Hill maintained that Brown—not he—pointed the gun at Corish and Nicholson.
>
> Hill was tried and convicted as the person who intimidated Corish and Nicholson with the handgun, resulting in a conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm.

(Doc. 267, pp. 3-4.)

On April 22, 2014, the court conducted a sentencing hearing and applied the Armed Career Criminal Act ("ACCA") to Hill, as defined in 18 U.S.C. § 924(e), and imposed a 235 month prison sentence to be followed by a five year term of supervised release.

## II. Discussion

### A. Habeas claims against trial counsel

Hill claims that trial counsel was ineffective for the following reasons:

1) Counsel failed to review and argue readily records and information of the potential witnesses(es) that was able and available to testify on behalf of Petitioner. Had trial counsel hired an investigator, to investigate the witnesses, that was present on Park Street when the incident occurred. They would have testified to a totally different story. That would have discredited the government's witness testimony and Petitioner would have been found not guilty. (Doc. 278-1, p. 5 of 16.)

2) [Counsel] rendered ineffective assistance of counsel by failing to object to the withholding of evidence. That into question the credibility of witness, "Tamela Corish" who spoke with police officers at the scene. If attorney "Thortan" had not erred, and objected, he would have had the opportunity to cross examine the two officers who questioned, and took statements from, "Tamela Corish". Noted, if "Tamela Corish" statement was entered into evidence, a reasonable jury would have found Petitioner not guilty. (*Id.*)

Although Hill claims that trial counsel erred in not calling certain witnesses, he does not identify any specific witnesses that he believes should have been called or indicate what their testimony would have revealed. The record reflects that Park Street witnesses testified that the car was stolen and opined as to where it could

3

possibly be found. (N.T. 108.) This testimony would not have exculpated Hill from being involved in the initial theft. Furthermore, Rodney Nicholson also identified Hill as the person who pointed a gun at him and placed Pamela Corish at the Park Street scene. (N.T. 73-74.) Hill's allegation that there may have been witnesses that counsel could have called that would have given exculpatory testimony is pure speculation and without any basis.

As to the statements of Pamela Corish, her first contact with police came after she placed a 911 call. The police drove her around to find her car. (N.T. 107.) There was a recorded conversation with Corish at the police station in which she picked Hill out of a line up as the person who pointed a gun at her. (N.T. 108.) At a meeting with Agent Leprell, she again identified Hill from a photo array as the person who pointed the gun at her. (N.T. 111.) Hill does not explain how a contrary statement to police, if it in fact occurred, would detract from her selecting Hill three times from a photo array. Trial counsel was not incompetent in any phase of the trial.

**B. Habeas claim against appellate counsel**

Hill alleges that appellate counsel was incompetent for failing to adequately appeal his designation as an Armed Career Criminal. However, this issue was in fact raised before the Third Circuit which overruled Hill's objections and held that

4

he met the requirements under the ACCA. Yaninek is not deemed incompetent on his representation of Hill on direct appeal.

### C. Designation as an Armed Career Criminal

At sentencing, the court determined that Hill qualified as an Armed Career Criminal under the Sentencing Guidelines. The Presentence Report described Hill's three predicate ACCA convictions as follows:

1. Delivery of Cocaine, sentenced 9-25-1991 (Dauphin County court, PA): "On July 18, 1990, an undercover officer purchased 6 bags (2.15 grams) of cocaine for $200 from Hill in the area of 17th and Regina Streets, Harrisburg." PSR, ¶ 33.

2. Delivery of Cocaine, sentenced 4-19-2004 (Dauphin County court, PA): "On November 4, 2002, an undercover officer and confidential informant purchased crack cocaine from Hill inside the Elbow Room Bar." PSR, ¶ 43.

3. Robbery, Burglary, Use of Firearm, sentenced on 09-14-2006 (Virginia state court): "On August 5, 2005, the victim answered the door and observed [Hill] holding a handgun. Hill entered the residence, grabbed the victim's purse and removed a bank envelope contained $980." PSR, ¶ 45.

Hill asserts that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) invalidates his ACCA enhanced sentence because his Virginia predicate conviction no longer qualifies as a violent felony. The government agrees that Hill is entitled to the § 2255 relief requested.

The Fourth Circuit Court of Appeals recently found that robbery no longer qualifies as a violent felony under the ACCA, see *United States v. Winston*, 850

F.3d 277 (4th Cir. 2017), and therefore Hill's Virginia predicate robbery conviction is no longer applicable. Although Hill was also convicted simultaneously of burglary or "break and enter with a weapon," the Fourth Circuit also recently concluded that the Virginia burglary statute is indivisible and therefore a Virginia burglary conviction can no longer support an enhanced sentence under the ACCA. *See Castendet-Lewis v. Sessions*, 855 F.3d 253 (4th Cir. 2017). Therefore, no part of Hill's Virginia conviction is sufficient to sustain the enhancement under the ACCA.

Accordingly, Hill's sentence will be modified from 235 months to 120 months of incarceration, and his 5 year period of supervised release will be reduced to a 3 year period of supervised release.

An appropriate order will issue.

  s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 12, 2018